NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2771
_____

DESHAWN DRUMGO,
Appellant

v.

SGT. WILLIAM KUSCHEL
_____

On Appeal from the United States District Court
For the District of Delaware
(D.C. No. 1-14-cv-01135)
District Judge:  Honorable Colm F. Connolly
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 31, 2023

Before:   JORDAN, ROTH, and AMBRO, *Circuit Judges*

(Filed: February 9, 2024)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Deshawn Drumgo alleged that he was sexually assaulted by a prison guard.  The

jury that heard the case decided that Drumgo's Eighth Amendment right against cruel and

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

unusual punishment had been violated by what the guard did but that Drumgo had suffered no injury, so it awarded him one dollar in nominal damages. It went on, however, to award him $500,000 in punitive damages. The District Court reduced the punitive damages award to $5,000 because the $500,000 award violated the Due Process Clause of the Fourteenth Amendment. Drumgo now appeals that reduction. We will affirm.

## I.    BACKGROUND

As Drumgo, an inmate at the James T. Vaughn Correctional Center in Delaware, left the prison dining hall in May 2014, a correctional officer directed him to go to Sergeant William Kuschel for a frisk search. During the search, Kuschel assaulted Drumgo by grabbing and squeezing his penis. Following the assault, Drumgo filed a grievance under the Prison Rape Elimination Act. An internal affairs investigator interviewed Drumgo and Kuschel, before dismissing the grievance as unfounded.

In September 2014, Drumgo filed a pro se complaint against Kuschel and other prison staff under 42 U.S.C. § 1983 for violating his First, Eighth, and Fourteenth Amendment rights.[1]  After all defendants other than Kuschel were dismissed, a jury trial

_____

[1] After dismissing several defendants, the District Court granted the remaining defendants' motion for summary judgment, holding that Drumgo failed to exhaust his administrative remedies. We affirmed in part, reversed in part, and remanded for further consideration of Drumgo's Eighth Amendment claim against Kuschel. *Drumgo v. Kuschel*, 684 F. App'x 228, 231 (3d Cir. 2017) (per curiam).

On remand, the District Court again granted summary judgment in favor of Kuschel, ruling that he was entitled to Eleventh Amendment immunity in his official capacity and qualified immunity personally. Due to Drumgo's failure to challenge the issue, we affirmed the District Court's ruling that Kuschel was immune from suit under the Eleventh Amendment in his official capacity, *Drumgo v. Kuschel*, 811 F. App'x 115,

2

commenced in December 2021, and the jury returned a verdict in Drumgo's favor.  It found that Kuschel had "committed an act that violated Mr. Drumgo's Eighth Amendment rights," but that Drumgo failed to "prove he suffered injuries as a result of William Kuschel's act."  (J.A. at 375.)  Accordingly, it awarded Drumgo "nominal damages of $1.00," but it also awarded punitive damages of $500,000.  (J.A. at 375-76.)  The District Court entered a total judgment in favor of Drumgo for $500,001.

Kuschel moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  He also moved for judgment as a matter of law under Rule 50(b) and for a new trial under Rule 59(a).  Drumgo, of course, opposed those motions.  The District Court denied the motion for a new trial but granted the motion to amend the judgment and reduced the jury's punitive damages award from $500,000 to $5,000, basing its reduction on the Due Process Clause of the Fourteenth Amendment, added to the one dollar of nominal damages for a total award of $5,001.  Drumgo timely appealed.

II.    DISCUSSION[2]

In *State Farm Mutual Automobile Insurance Co. v. Campbell*, the Supreme Court held that "the Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor."  538 U.S. 408, 416 (2003).

---

117 & n.3 (3d Cir. 2020) (per curiam), but vacated its qualified immunity ruling as to his individual capacity and remanded for further proceedings, *id.* at 119.  The District Court then appointed counsel for Drumgo.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review a trial court's "constitutionally required reduction of damages" de novo.  *Jester v. Hutt*, 937 F.3d 233, 238 (3d Cir. 2019).

The Court gave three guideposts for determining the reasonableness of a jury's punitive damages award: "(1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm*, 538 U.S. at 418 (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575-85 (1996)). When, as in this case, a jury awards only nominal damages, the second guidepost does not apply. *Jester v. Hutt*, 937 F.3d 233, 242 (3d Cir. 2019).

### A. Degree of reprehensibility

As noted, the *State Farm* analysis begins with the degree of reprehensibility of a defendant's conduct. 538 U.S. at 419. Drumgo argues that Kuschel waived any argument regarding reprehensibility and that the District Court incorrectly raised the argument *sua sponte* and misapplied *State Farm*'s first prong.

While Kuschel conceded in the District Court that "an argument that the reprehensibility prong is not met would be inappropriate," (J.A. at 453 n.1), we agree with the District Court that "*State Farm*'s first guidepost calls on courts to assess the *degree* of reprehensibility. This is not a binary test that is either met or not met." (J.A. at 18 n.4.) Thus, the Court had an obligation to consider where Kuschel's actions fell on the spectrum of reprehensibility.

Sexual assault, especially perpetrated by a corrections officer against an inmate, is always reprehensible. It involves physical, intimate violence, and is deplorable in its

4

likelihood to demean and traumatize its victim. *Cf. Gore*, 517 U.S. at 575-76 (violent crimes are more blameworthy than nonviolent crimes).

That conclusion, however, does not end the inquiry. "[T]he Supreme Court has provided further detail on [reprehensibility], instructing courts to consider the extent to which the following subfactors are satisfied," *Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.*, 801 F.3d 347, 363 (3d Cir. 2015):

> the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident[,]

*State Farm*, 538 U.S. at 419; *see also id.* ("The existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect.").

While not all of those factors apply in every case, some do, but the District Court did not expressly assess them. Instead, it looked at the nature of Kuschel's assault on Drumgo, describing it as "fleeting, through clothing, unaccompanied by threats, and lacking in force sufficient to cause injury." (J.A. at 18 n.4.) The District Court should have explicitly addressed the *State Farm* factors. Nonetheless, the District Court's findings were implicitly on the mark. Like the District Court, we conclude that Kuschel's conduct supports the imposition of a punitive damages award but that the size of the award given by the jury was unreasonable. *State Farm*, 538 U.S. at 419-20 (finding no error in the imposition of a punitive damages award, but reducing the amount due to a

5

lower degree of reprehensibility).  A consideration of other assault cases supports that conclusion.

### B.      Comparison to comparable cases

We acknowledge the blight of prison sexual assault and the underreporting of such cases, and we commend the attorneys who accepted the appointment to represent Drumgo in this suit.  By proving to a jury's satisfaction that the assault occurred and that Kuschel deserved to feel the force of a punitive award, they have done a real service. However, *State Farm* instructs courts to compare a jury's award to permissible civil penalties or prior comparable cases when assessing the constitutionality of the award. 538 U.S. at 428; *see also Jester*, 937 F.3d at 243 (comparing the jury's punitive damages award to those in similar cases).  The dearth of sexual assault cases that we can use as benchmarks makes the assessment challenging, but the District Court's determination is fully defensible.[3]

Cases with similar facts to Drumgo's hold that a punitive damages award of $5,000 satisfies the requirements of the Due Process Clause.  In *Cleveland v. Curry*, the

---

[3] Drumgo argues that we should ignore older case law, as the jury awards do not reflect post-2018 public attitudes that better understand the cruelty of prison sexual assaults. *Cf. Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) (holding, as a matter of first impression, that "sexual abuse of prisoners, once overlooked as a distasteful blight on the prison system, offends our most basic principles of just punishment" (internal quotation marks omitted)).  However, *State Farm* and its progeny do not direct courts to only review cases within a certain time frame, *cf.* 538 U.S. at 428, and thus we decline to adopt Drumgo's approach and will look at comparable cases before and after his proposed 2018 "cut-off."  Further, recent juries have awarded similar amounts to the reduced award here, even on more concerning facts. *See*, *e.g.*, *Anselme v. Griffin,* No. 3:20-cv-00005, 2023 WL 1930005, at *3 (W.D. Va. Feb. 10, 2023), *report & rec. adopted*, 2023 WL 1930005, at *2 (Feb. 10, 2023) (awarding $10,000 in punitive

jury awarded $5,000 in punitive damages to the inmate-plaintiffs after finding the defendant corrections officer liable for squeezing and grabbing inmates' genitals while conducting clothed-body searches. No. 07–cv–02809, 2014 WL 690846, at *9-11 (N.D. Cal. Feb. 21, 2014) (also reducing another defendant's punitive damages penalty from $20,000 to $5,000). In *Morton v. Johnson*, when a corrections officer assaulted an inmate by touching her breasts and "rub[ing] down [her] stomach down to [her] private area," the district court reduced a punitive damages award from $50,000 to $5,000 based on comparable cases. No. 7:13-cv-00496, 2015 WL 4470104, at *1, *9 (W.D. Va. July 21, 2015) (collecting cases awarding $5,000 for similar conduct and distinguishing larger awards based on more egregious conduct). Additionally, courts have upheld the same or lower awards based on conduct more repugnant than that at issue here. *See Lagarde v. Metz*, No. 13-cv-805, 2017 WL 457654, at *1, *6 (M.D. La. Feb. 2, 2017) (awarding $1,000 in punitive damages when a corrections officer attempted to penetrate an inmate's anus with a broomstick); *Carrington v. Easley*, No. 5:08–CT–3175, 2011 WL 2132850, at *5 (E.D.N.C. May 25, 2011) (awarding $5,000 in punitive damages when an officer forced an inmate to strip naked, grabbed his penis, and attempted to perform oral sex on him). Drumgo cites other cases, but they are readily distinguishable.

Accordingly, based on comparisons to factually similar cases, a reduction in punitive damages to $5,000 was sound.

---

damages when inmate was vaginally penetrated so violently that she bled).

## C.     Other factors

Drumgo also argues that the District Court did not give the jury sufficient deference when it reduced the punitive damages award. We disagree. While jury awards should be treated by trial judges "with a measure of deference," that deference merely cautions judges to not overreach and "substitute [their] view of the appropriate amount of punitive damages for the jury's determination." *Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*, 399 F.3d 224, 231 (3d Cir. 2005). It does not prohibit judges from reviewing the constitutionality of jury awards and reducing the award to a reasonable amount. *Id.* While the award here was reduced far more than Drumgo likes, deference to a jury's award is not warranted when due process dictates otherwise.[4]

Drumgo further asserts that the District Court incorrectly considered the effects that the award would have on punishment and deterrence. Courts routinely consider the effects that punitive damages awards will have on punishment and deterrence when considering the reasonableness of an award under the Due Process Clause. *See State Farm*, 538 U.S. at 416 ("[P]unitive damages … are aimed at deterrence and retribution."). To the extent the District Court's remarks may have implied that maintaining a larger

---

[4] Drumgo also contends that for the District Court to not give deference to the jury's punitive damages award there must have been a finding that the jury instructions were wrong or that there was irregularity in jury management. We disagree. For constitutional review of a punitive damages award, *State Farm* directs courts to independently review the relevant criteria, regardless. *Cf. Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 1684-85 (2001) (emphasizing the need for de novo review by appellate courts of punitive damages awards due to the constitutional nature of the question, without any regard to jury deference); *see also id.* ("[T]he level of puntitive damages is not really a 'fact' 'tried' by the jury." (citation omitted)).

punitive damages award would necessarily dissuade correctional officers from conducting proper searches and deter people from becoming correctional officers, we disagree. But the Court was correct that $5,000 should provide sufficient punishment to Kuschel and adequately dissuade other officers from engaging in similar behavior.

For the foregoing reasons, we will affirm the judgment of the District Court.